IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                                          : CHAPTER 11
                                                                                :
STONE CREEK MECHANICAL, INC.                              :
                                                                                :
                                               DEBTOR(S)      : BANKRUPTCY NO. 04-11255 SR

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

**Introduction**.

Before the Court is a Motion of the Debtor, Stone Creek Mechanical, Inc., ("Stone Creek") entitled "*Debtor's Motion to Compel Release of Retainage Fund Being held by Marple-Newtown School District*." (The "Motion.")  The Motion is opposed by Marple-Newtown School District (the "District"), which claims there is no "retainage fund" left, and by Fidelity & Deposit Company of Maryland ("F&D"), which contends that there is a recoverable fund, but which argues that it, and not Stone Creek, is entitled to the fund.  F&D cross-moves for payment of the fund to it.  For the reasons set forth herein, the Motion and Cross Motion will be denied.

**Background**

Stone Creek was an HVAC contractor.  In May 2000, it contracted with the District to install HVAC systems at three school buildings.  The project cost exceeded $9 million.  By August 2003, the District had paid Stone Creek all but $30,000 of the Contract price.  The balance was withheld by the District as "retainage," retainage being a sum withheld until a construction project has been satisfactorily completed. (Black's Law Dictionary, 7th Ed.)

In September 2003 the District spent $13,132.00 for service work to two chillers

connected with the project, and reduced the retainage fund by that amount.  In January 2004, Stone Creek filed its bankruptcy case.  Subsequently, the District expended the balance of the fund, and perhaps more, for work which Stone Creek was obligated to have performed under the parties' contract.  As noted, the District consequently maintains that no funds are left owing to anyone under the subject construction contract.

Notwithstanding this, in March 2007, Stone Creek filed the instant Motion, asserting that approximately $106,000 remained owed to it under the Marple-Newtown Contract.  After numerous postponements a hearing on the matter was held in April 2008.  At the hearing the factual and legal issues narrowed considerably.

First, Stone Creek and F&D had agreed that as between the two, F&D (as subrogee) and not Stone Creek, was entitled to any funds still owed under the subject contract.  Second, F&D and the District had agreed that the amount in controversy had dropped to $16,868, the same representing the $30,000 "retention fund" less the $13,132 expended by the District pre-petition, the legitimacy of which expenditure F&D conceded (See,  n.t. 4-10-08 at 8-10)  Finally, F&D also conceded that the balance of the retention fund expended by the District post-petition was for work which was the contractual obligation of Stone Creek.  *Id.*

There is no dispute that the District did not seek or obtain relief from the automatic stay before its post-petition application of the balance of the retention fund to its various expenditures.  This then is the single issue which remains; to wit:  whether the District's actions violated the automatic stay.  The Court concludes that there has been, at most, a technical violation of the automatic stay as to the $16,868 expended by the District post-petition, however it amounts to harmless error, inasmuch as neither Stone Creek, nor F&D could ever establish any

right to the fund by virtue of their concession that the money at issue was spent to correct, complete or perform contract work which was Stone Creek's responsibility.

**Discussion.**

F&D insists that the retainage funds constitute "property of the estate" subject to turnover and cites several decisions in support. See, e.g., *In re: Sherry & O'Leary, Inc.* 148 B.R. 248 (W.D. PA 1992)[1] This decision, however, along with others upon which F&D relies, are premised on the notion that the contractor's entitlement to the retainage in question had already vested, such that, for example, a post-petition action for turnover by the contractor, (now a Debtor in Bankruptcy), would have been successful. That is not the case here.[2]

Here the contract retainage had not been earned. Indeed, F&D has conceded that the Debtor defaulted on the contract, and that the District was within its rights to correct and/or complete the work.[3] All that the Debtor appears to have possessed at the time of its bankruptcy filing was a contract claim for the unearned portion of the job. For the reasons stated neither the

---

[1] Of note, the District points out that in an earlier memorandum of law submitted in support of its cross motion for turnover F&D took the completely opposite position, arguing that the retained funds were not part of the Debtor's estate, not payable to the estate, and not subject to distribution to the Debtor's unsecured creditors. Arguably F&D might be judicially estopped from asserting such inconsistent positions. The result herein renders it unnecessary to reach that question.

[2] Turnover is a remedy available for recovery of what is acknowledged to be property of a bankruptcy estate. Where there is a bona fide dispute as to the debtor's entitlement a turnover action is not proper. See: *In re Jamuna Real Estate, LLC,* 357 B.R. 324, 333 (Bankr. E.D. Pa. 2006)

[3] F&D's "concession" on this score is scarcely a major one. At the hearing of April 10, 2008 the District had present three witness, along with "boxes" of documents, and was prepared to establish the fact of the Debtor's default and the propriety of the expenditures it was compelled to make. F&D's concession came in the wake of the District's proffer of evidence and request to go forward with it proof. The Court notes also that the District's memorandum of law has appended to it affidavits which recite that Stone Creek's work was deficient and incomplete, and that Stone Creek had abandoned the job by August, 2003.

Debtor nor F&D could have prevailed in asserting a claim of entitlement to the small remaining contract balance.

Although Stone Creek, and hence, F&D, could never establish an entitlement to the funds in question one, nevertheless, could argue that before applying the $16,868 against its out-of-pocket expenses post-petition, the District should have sought relief from the automatic stay. It is unnecessary to belabor this question because, even if so, the Court would be reluctant to require that make-weight exercise, particularly where, as here, there has been no prejudice to any party in permission having not been obtained.

The Motion and Cross-Motion for turnover of funds will accordingly be denied.

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>October 7, 2008</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 11 |
| | : |
| STONE CREEK MECHANICAL, INC. | : |
| | : |
| DEBTOR(S) | : BANKRUPTCY NO. 04-11255 SR |

# ORDER

**AND NOW,** upon consideration of *Debtor's Motion to Compel Release of Retainage Fund Being held by Marple-Newtown School District*." (The "Motion."), the Answer in opposition filed thereto by the Marple-Newtown School District (the "District"), the Answer and Cross-Motion of Fidelity & Deposit Company of Maryland ("F&D") thereto, and after hearing thereon April 10, 2008, it is hereby:

**ORDERED,** that for the reasons set forth in the attached Opinion, the Motion and Cross Motion shall be and hereby are Denied.

By the Court:

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: October 7, 2008

Counsel for Debtor:
Allen B. Dubroff, Esquire
Jaffe, Friedman, Schuman, Nemeroff,
 Applebaum & McCaffery, P.C.
7848 Old York road
Suite 200
Elkins Park, PA 19027

Counsel for Marple Newtown School District:
Gregory S. Gerson, Esquire
Front & Plum Streets
P.O. Box 1789
Media PA 19063

Counsel for Fidelity & Deposit Company:
William J. Taylor, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich